MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

### · Abstract of the Decision.

1. MORTGAGES, § 237*—*when change in evidence of debt or form of security does not cancel old debt.* Change in the evidence of a debt or the form of security therefor does not cancel the old debt where the intention of the parties is to continue in force the original debt.

2. HOMESTEAD, § 41*—*when not acquired.* As against an existing lien, rights of homestead cannot be acquired by a subsequent conveyance.

3. MORTGAGES, § 124*—*when lien of trust deed shown to be inferior to prior trust deed.* On a bill to foreclose a trust deed, evidence *held* to show that the lien of such deed was inferior to that of a previously executed trust deed covering the same property.

### The People of the State of Illinois ex rel. James C. Bailey, Defendant in Error, v. City of Chicago et al., Plaintiffs in Error.

### Gen. No. 23,359.    (Not to be reported in full.)

Error to the Circuit Court of Cook county; the Hon. EDWARD M. MANGAN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1917. Reversed. Opinion filed April 16, 1918.

### Statement of the Case.

Petition by the People of the State of Illinois, on the relation of James C. Bailey, against City of Chicago and others, respondents, for a writ of mandamus to compel respondents to place relator's name on the list of officers of the police department of the City of Chicago as a first-class detective sergeant of police.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

To reverse an order granting the writ, respondents prosecute this writ of error.

SAMUEL A. ETTELSON, for plaintiffs in error; ROY S. GASKILL, of counsel.

A. D. GASH and CLINTON S. BAILEY, for defendant in error.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

## Abstract of the Decision.

1. CIVIL SERVICE, § 2*—*when act cannot be invoked to compel restoration to office.* The Civil Service Act (J. & A. ¶ 1799 *et seq.*) protects from removal only those who have been examined and approved by the civil service commission and cannot be invoked to compel the restoration of one who was reduced from the rank of first-class detective sergeant of police to that of patrolman before the act went into effect.

2. CIVIL SERVICE, § 28*—*when petition to compel restoration to higher rank demurrable on ground of laches.* A demurrer should be sustained, on the ground of laches, to the petition for a writ of mandamus to compel the restoration of one to the rank of detective sergeant of police where the petitioner delayed 20 years and more in seeking reinstatement.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.